OPINION
{¶ 1} On April 3, 2003, the Ashland County Grand Jury indicted appellant, Andrew Akers, on two counts of assault in violation of R.C.2903.13. On May 5, 2003, appellant pled guilty as charged. By judgment entry filed June 18, 2003, the trial court sentenced appellant to eighteen months on each count, to be served consecutively for a total aggregate term of thirty-six months.
 {¶ 2} Appellant filed an appeal and this court reversed for resentencing pursuant to State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. See, State v. Akers (March 8, 2004), Ashland App. No. 03COA033. Upon remand, the trial court reimposed the same sentence without hearing. See, Judgment Entry filed August 11, 2004.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred by holding a resentencing proceeding outside of appellant's presence."
 I {¶ 5} Appellant claims the trial court erred in resentencing him in absentia. We agree.
 {¶ 6} Upon remand by this court for resentencing, the trial court resentenced appellant without his presence. Crim.R. 43(A) and Section10, Article I of the Ohio Constitution mandate a defendant's presence at every stage of the criminal proceedings, including imposition of sentence.
 {¶ 7} In State v. Wallace, Richland App. No. 2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:
 {¶ 8} "A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentuckyv. Stincer (1987), 482 U.S. 730, 745, 107 S. Ct. 2658. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, `the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.'"
 {¶ 9} We note the state concurs with appellant's argument. See, Appellee's Brief at 5.
 {¶ 10} Upon review, we find the trial court erred in resentencing appellant in absentia.
 {¶ 11} The sole assignment of error is granted.
 {¶ 12} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and the matter is remanded to said court for resentencing.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with the opinion.